IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ISAAC ESCOBEDO, <br> Institutional ID No. 111174, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | CIVIL ACTION NO. <br> 5:17-CV-273-BQ |
| KELLY ROWE, <br> Sheriff, | ) <br> ) <br> ) | ECF |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Proceeding pro se and *in forma pauperis*, Plaintiff Isaac Escobedo filed this action under 42 U.S.C. § 1983. Escobedo alleges Lubbock County Sheriff Kelly Rowe arrested and incarcerated him under false pretenses. Compl., at 3–4; Questionnaire, at 3.[1] He asks the court to "exonerate [him] of a crime [he] didn't commit" and to award monetary damages. Compl., at 4.

Escobedo filed this action on November 28, 2017, in the United States District Court for the Northern District of Texas. ECF No. 1. The United States District Court assigned the case to the undersigned United States Magistrate Judge for preliminary screening on November 30, 2017. ECF No. 6. The undersigned reviewed Escobedo's Complaint and authenticated records provided by the Lubbock County Sheriff's Office. Additionally, the undersigned ordered Escobedo to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), which he completed and returned. ECF No. 10.

---

[1] Page citations to Escobedo's pleadings cite to the electronic page number assigned by the court's electronic filing system.

1

Escobedo has not consented to proceed before the undersigned magistrate judge. In accordance with the order of transfer, the undersigned enters this Report and recommends that this action be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

## I. Standard of Review

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or during an evidentiary hearing are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical or other prison records if they are adequately identified and authenticated").

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements

of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1339 (2017). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. Escobedo's Claims

In his Complaint, Escobedo names Lubbock County Sheriff Kelly Rowe as the sole Defendant. Compl., at 3. In his responses to the court's questionnaire, however, Escobedo states he brings his claims against the arresting officers, but that he does not know their names. Questionnaire, at 3–4. Construing Escobedo's allegations liberally, as the court must at this stage, Escobedo claims that Defendants violated his rights by falsely arresting and "incarcerating [him] under [the] false pretense[]" of possessing a controlled substance he was "never in possession of." Compl., at 3–4; Questionnaire, at 1, 3. He alleges this has caused him mental anguish. Questionnaire, at 3.

## III. Discussion

### A. Escobedo has not demonstrated that Defendants arrested or detained him in violation of the Constitution.

Claims of "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). To establish a claim for false arrest or false imprisonment, a plaintiff must demonstrate that the defendant did not have probable cause to arrest him. *See Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The 'constitutional torts' of false arrest, unreasonable seizure, and false imprisonment also require a showing of no probable cause."); *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988) ("Claims of false arrest, false imprisonment, and malicious prosecution involve the guarantees of the [F]ourth and

3

[F]ourteenth [A]mendments when the individual complains of an arrest, detention, and prosecution without probable cause."). Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001) (internal quotation and citation omitted).

At the outset, the court notes the authenticated records show, and Escobedo concedes, that Defendants arrested him pursuant to a valid "blue warrant" for a parole violation. *See* Questionnaire, at 2; *see also* Compl., at 4. Escobedo's false arrest claim is frivolous for this reason alone. *See Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982) (citing *Rodriguez v. Ritchey*, 556 F.2d 1185, 1193 (5th Cir. 1977)) (finding an arrest made based on a facially valid warrant "is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim").

Escobedo also appears to claim that Defendants falsely arrested and wrongfully detained him for possessing drugs. Compl., at 3–4; Questionnaire, at 1, 3. Escobedo asserts that he is innocent of the possession charge; thus, according to Escobedo, it follows that Defendants falsely arrested and detained him. *Id.* "The Constitution does not guarantee that only the guilty will be arrested." *Baker v. McCollan*, 443 U.S. 137, 145 (1979). As noted above, absent factual allegations showing that Defendants lacked probable cause to arrest or detain him, Escobedo cannot succeed on a false arrest or detention claim. *See Travis v. City of Grand Prairie*, No. 3:14-CV-3650-P, 2015 WL 13002069, at *4 (N.D. Tex. Aug. 6, 2015) (dismissing plaintiff's false arrest and false imprisonment claims where plaintiff failed to allege Defendants lacked probable cause); *see also Brown*, 243 F.3d at 189. Regardless of subsequent developments concerning the

possession charge, Escobedo has either pleaded or admitted to facts that establish probable cause for his initial arrest.

Of more importance to Escobedo's wrongful detention claim as to the drug possession charge is the Fifth Circuit's determination that "even an officer who acted with malice . . . will not be liable [for false arrest or false imprisonment] if *the facts* supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's 'independent' decision 'breaks the causal chain' and insulates the initiating party." *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 554 (5th Cir. 2016) (quoting *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988)) (internal citations omitted); *see also Escamilla v. Dall. Police Dep't*, No. 3-01-CV-1159-G, 2001 WL 1338302, at *3 (N.D. Tex. Oct. 18, 2001) ("Plaintiff's court appearance and his subsequent indictment break the chain of causation, thus foreclosing any claim predicated upon a theory of false arrest."). Escobedo's responses to the court's questionnaire make clear that following his August arrest, he appeared before a judge for an arraignment on the possession charge, and that on October 10, 2017, a grand jury formally indicted him on that charge. Questionnaire, at 1–2. The indictment thus insulates the arresting officers from liability for a false arrest or detention claim as to the possession charge. *See Escamilla*, 2001 WL 1338302, at *3. The district court should therefore dismiss Escobedo's claims of false arrest or imprisonment.

### B.  A § 1983 suit is not the proper avenue to challenge confinement.

Escobedo also states he wants the court to "exonerate [him] of a crime [he] didn't commit." Compl., at 4. To the extent Escobedo seeks release from imprisonment and dismissal of his criminal charges, his claim should be dismissed. A § 1983 action is not the proper avenue for obtaining such relief. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (noting "§ 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison

procedures," while "[a] habeas petition . . . is the proper vehicle to seek release from custody"). Instead, the appropriate route to challenge the fact and duration of a prisoner's confinement is a habeas petition. *Id.* Escobedo therefore fails to state a claim upon which relief may be granted for his release.

### C. The district court should dismiss Escobedo's claims against Sheriff Rowe because the law does not impose liability on supervisors for the actions of their subordinates.

In his responses to the court's questionnaire, Escobedo states that he named Sheriff Rowe as a defendant solely because of his status as a supervisor over other officers. Questionnaire, at 3. Thus, Escobedo's claims against Sheriff Rowe are predicated on his position as the supervisory authority over the deputy officers that allegedly violated Escobedo's constitutional rights—not on any assertion that Sheriff Rowe played a personal role in any of the alleged violations. Such allegations are frivolous and fail to state a viable claim. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) (holding that a prisoner must sufficiently allege facts showing either personal involvement or implementation of an unconstitutional policy to make a supervisor responsible under § 1983, as prison supervisors "are not liable for the actions of their subordinates on any theory of vicarious liability"). Escobedo similarly fails to allege facts showing that Sheriff Rowe implemented a policy resulting in a constitutional injury; instead, Escobedo states Sheriff Rowe has "allow[ed] illegal searches and false arrests to happen." Questionnaire, at 3. Such unsupported and conclusory allegations are insufficient to state a claim under § 1983. *See Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997) (holding that a description of the policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts); *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir.

1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983). As a result, any claim against Sheriff Rowe based on supervisory liability should be dismissed for these reasons, in addition to his failure to assert a constitutional violation.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss Escobedo's Complaint with prejudice in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## V. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: April 5, 2018

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE